**Anton Wibowo HARTONO; Fnu Shinta, Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 06–74545.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 18, 2009.*

Filed Feb. 25, 2009.

Houman Varzandeh, VHF Law Group, LLP, Los Angeles, CA, for Petitioners.

CAC–District, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Daniel Glenn Lonergan, Janice Kay Redfern, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before BEEZER, FERNANDEZ, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Anton Wibowo Hartono and his wife, natives and citizens of Indonesia, petition for review of the Board of Immigration Appeals' order dismissing their appeal

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

from an immigration judge's ("IJ") decision denying their application for withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, *Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 n. 4 (9th Cir.2003), we deny the petition for review.

Substantial evidence supports the IJ's finding that the mis-treatment Hartono encountered in Indonesia did not rise to the level of persecution. *See id.* at 1182; *Nagoulko v. INS*, 333 F.3d 1012, 1016–18 (9th Cir.2003). Further, even if the disfavored group analysis set forth in *Sael v. Ashcroft*, 386 F.3d 922 (9th Cir.2004) applies in the context of withholding of removal, the record does not compel the conclusion that Hartono faces a clear probability of future persecution. *See Hoxha*, 319 F.3d at 1184–85. Accordingly, Hartono failed to establish that he was entitled to withholding of removal.

**PETITION FOR REVIEW DENIED.**

